UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
AHMED MCLEAN,

          Petitioner,

GARY GREEN, Superintendent,
Great Meadow Correctional Facility,

          Respondent.
------------------------------------------------X

<u>Memorandum and Order</u>

No. CV-05-5603 (SLT) (SMG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 09 2009
P.M.
TIME A.M.

**TOWNES, United States District Judge:**

## INTRODUCTION

    Petitioner Ahmed McLean ("McLean" or "Petitioner") was convicted in New York State Supreme Court, Queens County for his participation in a robbery of a business in Queens, New York. He now brings this petition for a writ of habeas corpus *pro se* pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (the "Petition"). The Petition was referred to United States Magistrate Judge Steven M. Gold, who issued a report and recommendation dated April 15, 2009 (the "R&R") advising that the Petition should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* those portions of the R&R to which Petitioner has objected. Those portions of the R&R to which Petitioner has not objected were reviewed for clear error. For the reasons set forth below, the Court accepts the R&R in its entirety and denies the Petition.

## DISCUSSION

    The Petition raises issues concerning: (1) McLean's right to be present; (2) prosecutorial misconduct; (3) the jury charge; (4) jury notes; (5) the verdict sheet; (6) alleged ineffective assistance of counsel; and (7) a delay in sentencing. Each of these areas will be addressed in turn.

1

## 1. Right to be Present

McLean challenges Judge Gold's analysis of his argument that his right to be present during trial proceedings was violated because he was not present at a conference where challenges to certain jurors were discussed. Judge Gold correctly concluded that McLean's absence during the conference did not violate McLean's federal rights. *See Cohen v. Senkowski*, 290 F.3d 485, 489-90 (2d Cir. 2002). Even if he had a right to be present, the right was waived by McLean's failure to contemporaneously object. *See Clark v. Stinson*, 214 F.3d 315, 322-24 (2d Cir. 2000); *Perez v. Greiner*, No. 00 Civ. 5504, 2005 WL 613183, at *5 (S.D.N.Y. Mar. 14, 2005). McLean was represented by counsel at the conference and the trial judge specifically confirmed that his attorney conferred with him and that McLean understood what had happened.

## 2. Prosecutorial Misconduct

Petitioner did not object to this portion of the R&R, and after review for clear error, I found none.

## 3. Jury Charge

McLean filed an objection to Judge Gold's rejection of his argument that the trial judge gave an incorrect jury charge on accomplice liability. McLean strenuously argues that the trial court's instruction on this area of the law was inconsistent with the instruction that the jury should consider the evidence with respect to each defendant separately. However, as Judge Gold correctly concluded, the instruction was unambiguous and did not relieve the prosecution of its burden of proof. *See Waddington v. Sarausad*, — U.S. —, 129 S.Ct. 823, 831-32 (2009). Indeed, the challenged instruction tracked the language of the pertinent state statute and was not otherwise improper.

## 4. Response to Juror Notes

As Judge Gold pointed out, McLean's claim regarding the trial judge's response to notes from the jury was found to have been procedurally barred because it could have been raised on direct appeal. This precludes federal habeas review. Further, there is no error in Judge Gold's conclusion that, in any event, there was nothing improper about the trial judge's handling of the notes, and McLean made no showing of prejudice. *See U.S. v. Henry*, 325 F.3d 93, 106 (2d Cir. 2003).

## 5. Verdict Sheet

Petitioner filed no objection to this portion of the R&R, and I find no clear error with Judge Gold's recommendation.

## 6. Ineffective Assistance of Counsel

There is no merit to any of McLean's claims of ineffective assistance of counsel concerning the: (1) pre-trial investigation; (2) uncalled witness; (3) advice from counsel regarding the plea offer; (4) protection of the right to be present during jury selection; and (5) requesting of jury instructions. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## 7. Unreasonable Delay in Sentencing

McLean filed no objection to Judge Gold's discussion of this claim in the R&R, and the Court finds no clear error in Judge Gold's recommendation concerning this aspect of the Petition.

## CONCLUSION

Accordingly, Judge Gold's report and recommendation dated April 15, 2009 is accepted and adopted in its entirety, and the Petition is denied for the reasons set forth therein. The Court also declines to issue a certificate of appealability pursuant to 28 U.S.C § 2253(c)(2).

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: December 7, 2009
Brooklyn, New York

4